IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SIGNUM, LLC, a Maryland limited liability company, and<br><br>NATURALAWN OF AMERICA, INC., a Maryland corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>NATURE'S LAWN CARE, a Texas sole proprietorship, and<br><br>NATHAN STEELE, a Texas resident,<br><br>                Defendants. | Case No. 6:23-cv-202 |

## COMPLAINT

Plaintiffs Signum, LLC and NaturaLawn of America, Inc. (collectively, "Plaintiff"), allege the following against Defendants Nature's Lawn Care and Nathan Steele (collectively, "Defendants").

## PRELIMINARY STATEMENT

1. Founded in Maryland over 30 years ago, Plaintiff operates a lawn care system under the marks NATURLAWN, NATURALAWN, and NATURE'S LAWN. Today, Plaintiff is among the largest lawn care franchisors in the United States and has many locations in and around Texas.

2. Defendants are selling lawn care services under the marks NATURE'S LAWN CARE and NATURE'S LAWN and are using the domain **natures-lawncare.com** to advertise their products and services. Defendants' use of those marks and domain name is likely to cause consumers to believe that Plaintiff puts out Defendants' lawn care services or is connected or associated with Plaintiff. Plaintiff is suffering irreparable injury on account of Defendants' actions.

## PARTIES

3. Plaintiff Signum, LLC ("Signum") is a Maryland limited liability company located at 1 East Church Street, Frederick, Maryland.

4. Plaintiff NaturaLawn of America, Inc. ("NLA") is a Maryland corporation located at 1 East Church Street, Frederick, Maryland.

5. Signum and NLA have the same owners and principal place of business. Signum owns the trademarks alleged to be infringed in this action and licenses them to NLA, who in turn uses them itself and sublicenses them to franchisees.

6. Defendant Nature's Lawn Care is a Texas sole proprietorship located at 3301 Catalina Drive, Killeen, Texas, 76549.

7. Defendant Nathan Steele is a Texas resident with an address at 3301 Catalina Drive, Killeen, Texas 76549. Defendant Steele is the owner and operator of Defendant Nature's Lawn Care and registrant of the domain name **natures-lawncare.com**.

## JURISDICTION AND VENUE

8. Plaintiff alleges claims for trademark infringement, false designation of origin and unfair competition under federal and Texas law. The Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and over the state law claims under 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant Nature's Lawn Care because its principal place of business is in judicial district and it transacts business in this judicial district under the infringing marks. This Court has personal jurisdiction over Defendant Steele because he resides in this judicial district.

10.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district and the Court has personal jurisdiction over Defendants in this judicial district.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

**I.      Plaintiff and its NATURLAWN Marks**

11.     Since the 1980's, Plaintiff has continuously used the marks NATURLAWN and NATURALAWN in connection with the advertising, promotion and sale of its lawn care products and services. Plaintiff also uses and has federally registered the mark NATURE'S LAWN for lawn care products and services. (Plaintiff's common law and federally registered marks for NATURLAWN, NATURALAWN and NATURE'S LAWN are referred to collectively as the "NATURLAWN Marks.")

12.     Plaintiff has invested many millions of dollars in advertising and promoting its goods and services under the NATURLAWN Marks.

13.     Plaintiff owns federal Registration No. 1,414,588 for NATURLAWN for lawn care services which issued in 1986. Plaintiff also owns federal Registration Nos. 2,543,921 and 2,575,105 for NATURALAWN for lawn care services, both of which issued decades ago. Plaintiff also owns federal Registration No. 5,055,347 for NATURE'S LAWN for lawn care services.

14.     Plaintiff's registrations for the NATURLAWN Marks are "incontestable" under the Lanham Act and "conclusive evidence" of Signum's "exclusive right" to use the marks for the products and services listed in the registrations. 15 U.S.C. §§ 1065, 1115(b).

15.     Plaintiff operates numerous NATURLAWN franchisees in Texas including in Brookshire, Cypress, Fresno, Fulshear, Katy, Missouri City, Richmond, Rosenberg, Stafford, and Sugar Land.

16. Plaintiff's NATURLAWN Marks have acquired significant goodwill and are widely recognized. The public associates Plaintiff's NATURLAWN Marks exclusively with lawn care products and services offered by Plaintiff. Plaintiff owns extensive common law rights in the NATURLAWN marks.

**II.   Defendants and Their NATURE'S LAWN CARE and NATURE'S LAWN Marks**

17. After Plaintiff had established its rights to the NATURLAWN Marks, Defendants began to advertise, promote, and sell lawn care products and services in Texas under the marks NATURE'S LAWN CARE and NATURE'S LAWN. Defendants offer their services via the website located at **www.natures-lawncare.com**.

18. Defendants' NATURE'S LAWN CARE and NATURE'S LAWN marks are substantially similar to Plaintiff's NATURLAWN Marks in sight, sound, meaning and overall commercial impression.

19. The parties advertise and sell lawn care services in the same channels of trade to the same class of customers and use the same advertising mediums.

20. Defendants are using the NATURE'S LAWN CARE and NATURE'S LAWN marks to trade off Plaintiff's reputation and confuse consumers into believing that Plaintiff approves of Defendants' services.

21. Plaintiff notified Defendants of Plaintiff's trademark rights and the likelihood of confusion between the parties' marks, but Defendants continue to use the confusingly similar marks NATURE'S LAWN CARE and NATURE'S LAWN.

22. Plaintiff is suffering irreparable injury on account of Defendants' use of the marks NATURE'S LAWN CARE and NATURE'S LAWN and the domain **natures-lawncare.com**. Plaintiff has lost control over the nature and quality of the goods and services offered under the NATURLAWN Marks.

## COUNT 1
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1114(1))

23. Plaintiff re-alleges the allegations in Paragraphs 1 through 22, above.

24. Signum owns incontestable, federally registered marks for NATURLAWN, NATURALAWN, and NATURE'S LAWN for lawn care products and services.

25. Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN mark and **natures-lawncare.com** domain is likely to cause confusion that Defendants' lawn care services are Plaintiff's services, are approved by Plaintiff and/or are affiliated, associated or connected with Plaintiff or Plaintiff's NATURLAWN Marks. Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 1114(1) of the Lanham Act.

26. Plaintiff is suffering irreparable injury due to Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the domain **natures-lawncare.com**.

## COUNT 2
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1125(a))

27. Plaintiff re-alleges the allegations in Paragraphs 1 through 26, above.

28. Signum owns common law and federally registered marks for NATURLAWN, NATURALAWN, and NATURE'S LAWN for lawn care products and services.

29. Defendants' use of the NATURE'S LAWN CARE and NATURE's LAWN marks and the **natures-lawncare.com** domain for lawn care services is likely to cause confusion that Defendants' services are Plaintiff's services, are approved by Plaintiff or are affiliated, associated or connected with Plaintiff or Plaintiff's NATURLAWN Marks. Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the **natures-lawncare.com**

domain constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 1125(a) of the Lanham Act.

30. Plaintiff is suffering irreparable injury due to Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the **natures-lawncare.com** domain.

### COUNT 3
### Trademark Infringement, Unfair Competition, and False Designation of Origin Under Texas Law

31. Plaintiff re-alleges the allegations in Paragraphs 1 through 31, above.

32. Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the **natures-lawncare.com** domain is likely to cause confusion that Defendants' lawn care services are Plaintiff's services, are approved by Plaintiff or are affiliated, associated, or connected with Plaintiff or Plaintiff's NATURLAWN Marks. Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the **natures-lawncare.com** domain constitutes trademark infringement, unfair competition, and false designation of origin under Texas law.

33. Plaintiff is suffering irreparable injury due to Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks and the **natures-lawncare.com** domain for lawn care services.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(i)     Permanently enjoin Defendants, including their owners, officers, directors, employees, agents, and all persons acting in concert with it or them, from using the mark NATURE'S LAWN CARE, NATURE'S LAWN, and all confusingly similar marks in connection with the advertising, promotion, distribution and/or sale of lawn care products and services.

(ii)    Order Defendants to transfer the domain **natures-lawncare.com** to Plaintiff.

(iii)   Order Defendants to submit a report under oath and in writing detailing the actions it has taken to comply with the injunction.

Dated: March 21, 2023

Respectfully submitted,

SNELL & WILMER, LLP
1 East Washington, Suite 2700
Phoenix, AZ 85004
602.382.6298
602.382.6700 (FAX)
wcrowson@swlaw.com

By: *(signature)*
WALKER F. CROWSON
State Bar No. 24012480

John J. Dabney
jdabney@swlaw.com
*pro hac vice application forthcoming*
Mary D. Hallerman
mhallerman@swlaw.com
*pro hac vice application forthcoming*
SNELL & WILMER L.L.P.
2001 K Street NW
Suite 425 North
Washington, D.C. 20006
202.908.4261

*Counsel for Plaintiffs Signum, LLC and NaturaLawn of America, Inc.*