IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SIGNUM, LLC, a Maryland limited liability company, and<br><br>NATURALAWN OF AMERICA, INC., a Maryland corporation,<br>　　　　　　Plaintiffs,<br>v.<br>NATURE'S LAWN CARE, a Texas sole proprietorship, and<br><br>NATHAN STEELE, a Texas resident,<br><br>　　　　　　Defendant. | Case No. 6:23-cv-00202-ADA-JCM |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs Signum, LLC and NaturaLawn of America, Inc. (collectively, "Plaintiff"), by counsel, submit this Motion for Default Judgment seeking entry of judgment for Plaintiff on each claim alleged in the Complaint against Defendants Nature's Lawn Care and Nathan Steele (collectively, "Defendants").

**I.    INTRODUCTION**

Plaintiff is among the largest lawn care providers in the United States. Pursuant to Federal Rule of Civil Procedure 55, it seeks default judgment on the claims in its Complaint. Defendants have not responded to Plaintiff's Complaint and have not otherwise appeared or participated in this action. By failing to respond, Defendants have conceded the well-pled factual allegations in Plaintiff's Complaint.

As detailed in Plaintiff's Complaint, Plaintiff owns federally registered and common law marks for NATURALAWN, NATURE'S LAWN, and NATURLAWN for lawn care products and

1

services. Defendants' use of the marks NATURE'S LAWN CARE and NATURE'S LAWN and the domain name **natures-lawncare.com** in connection with their lawn care service is likely to cause consumers to falsely believe that Defendants are Plaintiff or are associated with Plaintiff. Plaintiff has lost control over the reputation associated with its trademarks because of Defendants' unlawful conduct. A permanent injunction is required to prevent further irreparable injury to Plaintiff.

## II.   FACTUAL BACKGROUND

### A.  Plaintiff's NATURLAWN Marks

Founded over 35 years ago, Plaintiff operates a lawn care system under the marks NATURALAWN, NATURE'S LAWN, and NATURLAWN. ECF No. 1 ¶ 1. Today, Plaintiff is among the largest lawn care franchisors in the United States and has many locations in and around Texas. *Id.* For decades, Plaintiff has continuously used its common law and federally registered marks NATURALAWN, NATURE'S LAWN, and NATURLAWN in connection with the advertising, promotion, and sale of its lawn care products and services. *Id.* ¶ 11 (citing U.S. Reg. Nos. 2,543,921; 2,575,105; 5,055,347). (Plaintiff's common law and federally registered marks are referred to collectively as the "NATURALAWN Marks.").

Plaintiff has invested many millions of dollars in advertising and promoting its goods and services under the NATURALAWN Marks. ECF No. 1 ¶ 12. Plaintiff's federal registrations for the NATURALAWN Marks are "incontestable" under the federal Lanham Act and thus "conclusive evidence" of Plaintiff's "exclusive right" to use the marks for the products and services listed in the registrations. 15 U.S.C. §§ 1065, 1115(b); ECF No. 1 ¶¶ 13–14. Plaintiff operates numerous NATURALAWN franchises in Texas including in Brookshire, Cypress, Fresno, Fulshear, Katy, Missouri City, Richmond, Rosenberg, Stafford, and Sugar Land. *Id.* ¶ 15.

Plaintiff's NATURALAWN Marks have acquired significant goodwill and are widely recognized. *Id.* ¶ 16. The public associates Plaintiff's NATURALAWN Marks exclusively with lawn care products and services offered by Plaintiff. *Id.*

### B. Defendants' Unlawful Conduct

Decades after Plaintiff had federally registered its NATURALAWN Marks, Defendants began to advertise, promote, and sell lawn care products and services in Texas under the marks NATURE'S LAWN CARE and NATURE'S LAWN ("Defendants' Marks"). *Id.* ¶ 17. Defendants offer their services via their website at **natures-lawncare.com**. *Id.* Defendants' Marks are substantially similar to Plaintiff's NATURALAWN Marks in sight, sound, meaning, and overall commercial impression. *Id.* ¶¶ 18–19. Further, the parties advertise and sell lawn care services in the same channels of trade to the same class of customers and use the same advertising media. *Id.*

Defendants are using Defendants' Marks to trade off Plaintiff's reputation and confuse consumers into believing that Defendants are Plaintiff or that Plaintiff approves Defendants' services. *Id.* ¶ 20. Plaintiff repeatedly notified Defendants of Plaintiff's trademark rights and the likelihood of confusion between the parties' marks, but Defendants persist in their infringement. *Id.* ¶ 21. Plaintiff has lost control over the nature and quality of the goods and services offered under the NATURALAWN Marks. *Id.* ¶ 22. Defendant's use of Defendants' Marks is causing Plaintiff to suffer irreparable injury. *Id.*

### C. This Civil Action

Plaintiff filed its Complaint against Defendants on March 21, 2023, alleging claims for trademark infringement, unfair competition, and false designation of origin under federal law, 15 U.S.C. §§ 1114(1), 1125(a), and Texas law. ECF No. 1. Defendants intentionally evaded service. *See* ECF Nos. 11–12. Eventually, service was effectuated upon Defendants through alternative

means on June 22, 2023. ECF No. 13. Defendants were thus required to respond to the Complaint by July 13, 2023. ECF No. 16 ¶ 6. Defendants failed to respond, *id.* ¶ 7, and thus the Court Clerk entered default against Defendants on July 18, 2023, ECF No. 17. To date, Defendants have not appeared, answered, or otherwise defended this suit.

### III.    DEFAULT JUDGMENT PROCEDURE & STANDARD

The Fifth Circuit requires a three-step process for default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, default occurs when a defendant fails to plead or otherwise respond to the complaint within the time required by the federal rules. *Id.* Second, the Court Clerk enters default when it is established by declaration or otherwise. *Id.* And third, plaintiff may then apply for a default judgment. *Id.* Default judgment may not be entered against an infant or incompetent person, or an individual in military service without an appointed attorney. Fed. R. Civ. P. 55(b); 50 U.S.C. § 521.

Each of those steps has been satisfied here. Defendants failed to plead or otherwise respond to Plaintiff's Complaint, *see supra* p. 3, the Clerk entered default after Plaintiff established Defendants' default through a declaration, *see id.*, and Plaintiff is now applying for a default judgment. Defendant Nathan Steele is not an infant, incompetent person, or an individual in military service. Hallerman Decl. ¶ 7, ECF No. 16-1; *see* Fed. R. Civ. P. 55(b); 50 U.S.C. § 521.

Courts use a three-part analysis in determining whether to enter default judgment: (1) whether default judgment is procedurally warranted, (2) whether there is a sufficient basis in the pleadings for the judgment based on the substantive merits of the claims, and (3) what form of relief, if any, a plaintiff should receive. *See, e.g., Lindsey v. Prive Corp.,* 161 F.3d 886, 892-93 (5th Cir. 1998).

Here, the Court should enter default judgment because it is procedurally warranted, and the Complaint alleges facts which prove the substantive merits of the claims alleged therein. Further, the Court should enter the requested permanent injunction, as well as award reasonable costs and attorney's fees to Plaintiff as provided by the Lanham Act.

## IV. ARGUMENT

### A. Default Judgment Is Procedurally Warranted.

Six factors are relevant to determining whether default judgment is procedurally warranted:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Each of those factors favors Plaintiff and default judgment is procedurally warranted.

No material issues of fact are present because Defendants "failed to respond to Plaintiff's allegations in any manner." *Babbala LLC v. Shenzhen Jia Yu Tong Tech.*, Case No. 6:20-cv-01032-ADA-JCM, 2022 U.S. Dist. LEXIS 127987, at *5 (W.D. Tex. Mar. 8, 2022), *adopted at* 2022 U.S. Dist. LEXIS 127984 (W.D. Tex. June 14, 2022). Second, Defendants do not face substantial prejudice because they admitted the allegations in the Complaint through their default. *See, e.g., id.* at *5 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Third and fourth, the grounds for default are clearly established because Defendants have been entirely unresponsive to Plaintiff's Complaint and have not claimed good faith mistake or excusable neglect. *See, e.g., id.* Fifth, default judgment is not harsh because Defendants failed to respond though they had time to do so. *See, e.g., id.* at *6. Finally, given the procedural history, there is nothing that would warrant setting aside default judgment if entered. *See, e.g., id.*

**B.  Plaintiff's Complaint Offers a Sufficient Basis for Judgment on the Merits.**

Plaintiff's Complaint alleges claims for trademark infringement, unfair competition, and false designation of origin under federal law, 15 U.S.C. §§ 1114(1), 1125(a), and Texas law.  ECF No. 1 ¶¶ 23–33. The well-pleaded factual allegations in Plaintiff's Complaint are taken as true after default, and default is an admission of those allegations. *See, e.g.*, *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002). The factual allegations in the Complaint need only "be enough to raise a right to relief above the speculative level." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To prevail on its claims under federal and Texas law, Plaintiff must prove that (1) its NATURALAWN Marks are valid, and (2) Defendants' use of their trademarks creates a likelihood of confusion as to source, affiliation, or sponsorship. *See, e.g.*, *Wearable Shoe Tree, LLC v. Individuals, P'ship*, No. 1-22-CV-00789, 2023 U.S. Dist. LEXIS 110290, at *7, 12-13 (W.D. Tex. June 27. 2023) (citing *Streamline Prod. Sys. v. Streamline Mfg.*, 851 F.3d 440, 450 (5th Cir. 2017)).

Regarding the first required element for trademark infringement, Plaintiff's Complaint alleges that Plaintiff owns incontestable, federal registrations and common law rights for its NATURALAWN Marks. *See supra* pp. 2–3. Thus, Plaintiff has established it owns legally protectable, valid trademarks.

Regarding the second required element for trademark infringement, courts examine eight factors to determine whether a likelihood of confusion exists:

> (1) the type of mark allegedly infringed; (2) the similarity between the two marks; (3) the similarity of the products or services; (4) the identity of the retail outlets and purchasers; (5) the identity of the advertising media used; (6) the defendant's intent; (7) any evidence of actual confusion; and (8) the degree of care exercised by potential purchasers.

*Wearable Shoe Tree, LLC*, 2023 U.S. Dist. LEXIS 110290, at *7–8. Through the well-pleaded factual allegations in its Complaint, Plaintiff has also established that most of these factors weigh heavily in favor of finding that Defendants' use of the NATURE'S LAWN CARE and NATURE'S LAWN marks, as well as the domain name **natures-lawncare.com** is likely to cause confusion.

As alleged in Plaintiff's Complaint, the parties' marks are identical and highly similar—NATURALAWN, NATURE'S LAWN, and NATURLAWN vs. NATURE'S LAWN CARE and NATURE'S LAWN. ECF No. 1 ¶¶ 17-19. Further, the parties offer landscaping services and landscaping-related goods and services. *Id.* The parties advertise and sell lawn care services in the same channels of trade to the same class of customers and use the same advertising mediums. *Id.*

Finally, Plaintiff notified Defendants of its trademark rights and the likelihood of confusion between the parties' marks, yet Defendants continues to infringe thereby evidencing Defendants' bad faith. *See supra* p. 3. Courts have found bad faith where the defendant's conduct displays a "reckless disregard ... toward a trademark owner's rights." *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 685, 693 (W.D. Tex. 2008) (referencing *Berg v. Symons*, 393 F. Supp. 2d 525, 539–40 (S.D. Tex. 2005)). Plaintiff here provided actual notice to Defendants of its decades-old federal trademark registrations for the NATURALAWN Marks for lawn care services. *See supra* p. 3. Defendants' continued use of their confusingly similar marks for the same services after such notice can only be understood as a reckless disregard of Plaintiff's trademark rights and bad faith infringement.[1]

Defendants' bad faith is also shown by virtue of their default in this action. *See supra* pp. 3–4. *See e.g.*, *Real Estate Edge, LLC v. Campbell*, No. 1:17-CV-1093-RP, 2019 U.S. Dist. LEXIS

---

[1] Defendant Nathan Steele is personally liable along with his company Defendant Nature's Lawn Care because he oversaw, and was the moving force behind, the infringing conduct and caused the infringing conduct to occur. ECF No. 1 ¶ 7.

27449, at *7–8 (W.D. Tex. Feb. 21, 2019) (collecting cases finding bad faith by virtue of defendant's default).

Thus, the well-pleaded factual allegations in Plaintiff's Complaint establish an overwhelming likelihood of confusion. *See e.g.*, *Wearable Shoe Tree*, 2023 U.S. Dist. LEXIS 110290 at *6, *20 (finding plaintiff established the defaulting defendants' liability for common law unfair competition and trademark infringement and thus recommending plaintiff's motion for entry of default judgment be granted based on similar evidence). There is a powerful factual basis for the claims alleged in the Complaint and Plaintiff is entitled to a default judgment.

### C. Plaintiff Should Receive a Permanent Injunction and Reasonable Costs and Attorney's Fees.

The Court should permanently enjoin Defendants from using the marks NATURE'S LAWN CARE, NATURE'S LAWN, and all confusingly similar marks, and from using the domain name **natures-lawncare.com.** A permanent injunction is appropriate because (1) Plaintiff has proven success on the merits of its claims; (2) the Court's failure to grant the injunction will result in irreparable injury to Plaintiff; (3) Plaintiff's injury outweighs any damage that the injunction will cause Defendants; and (4) the injunction will not disserve the public interest. *See, e.g., Babala*, 2022 U.S. Dist. LEXIS at *11 (citation omitted).

Plaintiff succeeded on the merits of its claims because Defendants' Marks cause a likelihood of confusion with Plaintiff's NATURALAWN Marks. *See supra* pp. 6–8. Having established trademark infringement, Plaintiff is entitled to a presumption of irreparable harm. *See* 15 U.S.C. § 1116(a). Defendants' infringement has caused Plaintiff to lose control over the goodwill associated with its NATURALAWN Marks, which constitutes irreparable injury. *See Wearable Shoe Tree*, 2023 U.S. Dist. LEXIS 110290 at *18 ("Injunctive relief is the remedy of

choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."). Plaintiff's injury "substantially outweighs any potential injury to Defendant[s], especially since Defendant[s] [have] no legitimate interest in infringing Plaintiff's trademarks." *Babala*, at *12. Finally, "the injunction would serve the public interest by upholding United States trademark laws." *Id.* The Court should grant a permanent injunction in the form stated in Plaintiff's proposed order.

The Court should also find that this is an "exceptional case" under the Lanham Act warranting an award of reasonable costs and attorney's fees. *See* 15 U.S.C. § 1117. The Fifth Circuit has found that a case exceptional where the defendant acted maliciously, fraudulently, deliberately, or willfully. *Wearable Shoe Tree*, 2023 U.S. Dist. LEXIS 110290, at *17. Here, Defendants willfully infringed Plaintiff's trademarks, refused to cease infringing activity after receiving a demand letter, and failed to participate in this action. Should the Court find this case exceptional, Plaintiff will submit documentation of its reasonable fees and costs.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion, enter default judgment against Defendants on all claims in the Complaint, and enter injunctive relief.

Respectfully submitted,

Dated: August 7, 2023

By: */s/Mary D. Hallerman*
Walker F. Crowson (Bar No. 24012480)
wcrowson@swlaw.com
Snell & Wilmer L.L.P.
2501 N. Harwood Street
Suite 1850
Dallas, Texas 75201
214.305.7301

John J. Dabney (*pro hac vice*)
jdabney@swlaw.com
Mary D. Hallerman (*pro hac vice*)
mhallerman@swlaw.com
Snell & Wilmer L.L.P.
2001 K Street N.W.
Suite 425 North
Washington, D.C. 20006

*Counsel for Plaintiffs Signum, LLC and NaturaLawn of America, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 7, 2023, a copy of the foregoing PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT was served upon Defendants Nathan Steele and Nature's Lawn Care through first-class mail at the following addresses:

Nathan Steele
3301 Catalina Drive
Killeen, Texas 76549

Nature's Lawn Care
3301 Catalina Drive
Killeen, Texas 76549

                                                */s/Mary D. Hallerman*
                                                Mary D. Hallerman
                                                Snell & Wilmer L.L.P.
                                                2001 K Street NW
                                                Suite 425 North
                                                Washington, D.C. 20006
                                                (202) 908-4262
                                                mhallerman@swlaw.com

                                                *Counsel for Plaintiffs Signum, LLC and NaturaLawn of America, Inc.*